IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

RAMON FIGUEROA ROSA
MARIA M HERNANDEZ NIEVES
DEBTOR (S)

FIRSTBANK Puerto Rico: First
Leasing
**MOVANT**

RAMON FIGUEROA ROSA
MARIA M HERNANDEZ NIEVES
JOSE R CARRION MORALES
**RESPONDENT (S)**

CASE NO.: 11-07592 **(ESL)**

CHAPTER 13

(x) Opposition to plan Confirmation under
Title 11 USC §1325(a) (5) on Plan
Confirmation, Title 11 USC 1325 (a)(3),
on Good Faith Test, 11 USC §365
on Executory Contracts and Unexpired
Leases 11 USC §1322(b) (1) on Unfair
Discrimination

## MOTION OBJECTING THE CONFIRMATION OF THE PLAN

TO THE HONORABLE COURT:

COMES NOW, Movant FIRSTBANK PUERTO RICO: - First Leasing, through its undersigned attorney and very respectfully states and prays:

**I. INTRODUCTION.**

1-    The jurisdiction of the Honorable Court is ascertain under Title 28 USC§1334, Title 28 USC §157, Title 11 USC §361, on Adequate Protection and Title 11 USC §1325(a) (5) on Confirmation of Plan, 11 USC §365 on Executory Contract and Unexpired Leases: 11 USC §365(b) (1) (A), (B), and (C), 11 USC §1325(b) (6) on Feasibility Test or sufficiency funding of a proposed plan. See Lundin, Keith M.; on Chapter 13 Bankruptcy: Chapter 5, at §5.56 on Feasibility, and 11 USC §1322(b) (1) on Unfair Discrimination.

**II. FACTS.**

2-    Movant standing is ascertained as it filed on September 16, 2011, a agreement claim on a personal lease agreement contract registered at the Department of Transportation of Puerto Rico for the amount of $26,788.83 [acc no 2285]. *Bkcy Clm no. 1-1*

3-      The debtor(s) filed a chapter 13 bankruptcy case under BAPCPA of 2005, on September 2, 2011. The plan dated September 2, 2011, (*as amended*), which provides for the payment of $175.00 x 60, for a base of $10,500.00. Although it proposed to pay arrears and direct payments to FirstBank/First Leasing, the debtor intends to pay the arrears on the nineteen (19) month. That certainly does not stand for the promptly cure of arrears. *See, Bkcy Dck no. 2.*

## III. APPLICABLE LAW.

Bankruptcy L Rule 9013-2 (a) specifically provides that except as provided in subsection (b) of this LBR, any motion or response thereto must be accompanied by supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof.

4-      The assumption, assignment, or rejection of an unexpired lease or executory contract, must be done consistent with 11 USC §§1322(b) (7) and §365. It has been held that the filing of a Chapter 13 petition by itself is not sufficient to accomplished the assumption, assignment, or rejection of an Executory contract, because the petition, per se, does not satisfies §365 requirement of obtaining Court's approval for the assumption or rejection of an Executory contract.

5-      The rejection of an Executory contract or unexpired lease constitutes a default, and liquidated damages provisions under the contract will be enforceable in bankruptcy. Damages upon rejection of a car lease include the repairs attributable to the debtor under the lease agreement. See Lundin, Keith; Chapter 13: Second Ed., Chapter 4 on Designing and Calculating Plans. Subsection 4.91

6-      Under Title 11 USC §365(b)(1) if there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the Trustee- (A) <u>cures, or provides adequate assurance that the trustee will promptly cure, such default</u>; (B) <u>compensates, or provides adequate assurance that the trustee will promptly compensate a party other than the debtor to such contract, or lease, for any actual pecuniary loss to such party of future performance under such contract or lease.</u>

7-      Where the Debtor has not provide in its proposed plan the means by which intends to pay the lease arrears promptly and ahead of the secured claims while the

property is at stay: - there has been a default under the Executory contract, and the Debtor as well as the trustee must provide adequate assurance of future performance in order to be able to assume the lease.

8-    Debtors default usually stands for his or her failure to make pre-petition payments and curing that default will consist of primarily of a proposal to make up the missed payments over some specified period of time or by some fixed deadline. To that effect, the Debtor must promptly cure the pre-petition monetary default. And, the term "promptly" although not defined under Title 11 USC §365(b) (1) (A) has been interpreted to be shorter than "in a reasonable time", under §1322(b) (5). See K. M. Lundin, Chapter 13: Second Edition – Volume 1: §4.88. Along with, although, the Courts practice may require curing the lease defaults at Confirmation. In other jurisdictions Debtor are permitted several months after confirmation to cure the arrears. Nonetheless, it has been clearly interpreted that two (2) years is not "promptly" enough to cure defaults in an un-expired lease. *See In Re Yokley, 99 BR 394 (Bkr. MD. Tenn. 1989), In re Liggins, 145 BR 227 (Bkr ED Va. 1992)*

9-    Furthermore, in cases where attorney proposes thinly funded plans the Bankruptcy Court ruled since 1986 in *In re Lanigan*, 101 BR 530, 533 (Bankr. N. D. II 1986):

> "There is no reason that has been addressed to this Court to show why the attorneys who present thinly funded plans should not share the risk of possible failure thereof and thereby be encouraged to scrutinize all plans even more closely. When plan payments are small and payment of fees out of front will delay payments to creditors for many months, the sharing of risk and encouragement of more scrutiny will be served by spreading out payments of attorney's fees over time, at least over the early months of the plans while debtor and creditors also get some benefit from monthly payments that apply partly to debts."

10-    11 USC §1326(a)(4) requires that NOT LATER THAN 60 DAYS AFTER THE FILING DATE of a case under this chapter, a debtor retaining possession of a personal property to a lease or securing a claim attributable in whole or in part to the purchase price of such property shall provide the lessor or secured creditor evidence of the maintenance of any required

insurance coverage with respect to the use or ownership of such property and continue to do long as the debtor retains possession of such property.

## IV. ALLEGATIONS.

11- Debtor as well as the trustee must provide promptly cure of the arrears and adequate assurance of future performance in order to be able to assume the lease, which it is not on the nineteen (19th) month, after attorney fees are paid. There is no reason that has been addressed to this Court to show why the attorneys who present thinly funded plans should not share the risk of possible failure thereof and thereby be encouraged to scrutinize all plans even more closely. Title 11 USC §365(b) (1). *See, Exhibit A*

## IV. PLEA.

WHEREFORE, is respectfully requested from this Honorable Court to deny confirmation of the plan until the debtor's evidenced compliance applicable provisions under §365(b) (1) (A), (B).


## RESPONSE TIME NOTICE

Within fourteen (14) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

Rule 9013-1 (h)


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this the same day of the filing of this motion the a copy of this Motion its being sent by the CM/ECF Bankruptcy System, at the address authorized on the docket, to : - the Debtor(s) counselor ROBERTO FIGUEROA CARRASQUILLO, - to Atty. Alejandro Oliveras Rivera//Atty. José Carrión Morales, the Chapter 13 - US Trustee, - to all

the creditor's in the List of Creditors, and by first class mail to the Debtor's, RAMON FIGUEROA ROSA & MARIA M HERNANDEZ NIEVES, at the address on record, BAYAMON WARD, N1 GERANEO ST, CIDRA, PUERTO RICO 00739

In San Juan, Puerto Rico, this 8th day of November, 2011

By:     //s//María M. Benabe Rivera
        María M. Benabe Rivera
        Attorney for Movant – US – DC - 208906
        Maristella Sánchez-Rodríguez – US – DC 224714
        1519 Ponce De León Ave., 2nd. Floor,
        PO Box 9146, Santurce, P.R. 00908-0146
        (787) 729-8135 / (787) 729-8276
        maria.benabe@firstbankpr.com

[REV: Feb 14, 2011]

DISTRIBUTION OF PLAN PAYMENTS
BY MONTH

Case No.: 11-07592  ESL

Filing Date  09/02/11

RAMON FIGUEROA
& MARIA M. HERNANDEZ
CONF. HEARING: NOV. 16, 2011

PLAN FECHADO SEPT. 2, 2011

*Preparado por: Norma Melchor*
OCT. 12, 2011

| Plan Month | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Oct-11 | Nov-11 | Dec-11 | Jan-12 | Feb-12 | Mar-12 | Apr-12 | May-12 | Jun-12 | Jul-12 | Aug-12 | Sep-12 |
| Attorneys Fees | 137.50 | 137.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 |
| Pre Adeq. Protec M. B | 20.00 | 20.00 | | | | | | | | | | |
| Arrears Hipoteca Citi | | | | | | | | | | | | |
| Arrears Auto Lease FB | | | | | | | | | | | | |
| In Full M. Berrios | | | | | | | | | | | | |
| Gen. Unsecured Debts | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| Payment to Creditors | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 |
| (Plan PMTs) w/Trustee Fee | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 |

| | |
|---|---|
| Trustee % Fee | 10.00 |
| Trustee Fee Factor | 0.90 |

EN ESTA TABLA EMPIEZARA A COBRAR FB EN EL MES # 14  Y TERMINARIA EN EL MES # 14

RECIBIRIAMOS PAGOS APROX. ENTRE $ _____

EL VALOR DE NADA GUIDE $ _____ (X 1.2  2 1.65%) = APROX. EMA DE $ _____

SEGUN LA TABLA NECESITARIA SEGURO POR _____ MESES X $ _____ = $ _____ , DESDE _____

LA CERT. DE UNIVERSAL: PRIMA DE $ _____ X _____ MESES = $ _____ , CUBIERTA DESDE:

| | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Oct-12 | Nov-12 | Dec-12 | Jan-13 | Feb-13 | Mar-13 | Apr-13 | May-13 | Jun-13 | Jul-13 | Aug-13 | Sep-13 | Oct-13 | Nov-13 |
| | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 59.00 | | | | | | | |
| | | | | | | | 48.71 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 |
| | | | | | | | 35.82 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 |
| | | | | | | | 13.97 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 |
| | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 |
| | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 |

## DISTRIBUTION OF PLAN PAYMENTS
## BY MONTH

| 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 | 37 | 38 | 39 | 40 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dec-13 | Jan-14 | Feb-14 | Mar-14 | Apr-14 | May-14 | Jun-14 | Jul-14 | Aug-14 | Sep-14 | Oct-14 | Nov-14 | Dec-14 | Jan-15 |
| 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 | 78.10 |
| 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 | 57.44 |
| 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 | 21.96 |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 |
| 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 |

| 41 | 42 | 43 | 44 | 45 | 46 | 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Feb-15 | Mar-15 | Apr-15 | May-15 | Jun-15 | Jul-15 | Aug-15 | Sep-15 | Oct-15 | Nov-15 | Dec-15 | Jan-16 | Mar-16 | Apr-16 |
| 78.10 | 78.10 | 83.31 | | | | | | | | | | | |
| 57.44 | 57.44 | 62.65 | 6.58 | | | | | | | | | | |
| 21.96 | 21.96 | 11.54 | 60.91 | | | | | | | | | | |
| | | | 90.01 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 |
| 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 |
| 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 |

DISTRIBUTION OF PLAN PAYMENTS
BY MONTH

| 55 | 56 | 57 | 58 | 59 | 60 | Totals | Plan Month |
|---|---|---|---|---|---|---|---|
| May-16 | Jun-16 | Jul-16 | Aug-16 | Sep-16 | Oct-16 | 0 | 0 |
|  |  |  |  |  |  | 2854.00 | Attorneys Fees |
|  |  |  |  |  |  | 40.00 | Pre Adeq. Protec M. B |
|  |  |  |  |  |  | 1934.90 | Arrears Hipoteca Citi |
|  |  |  |  |  |  | 1480.50 | Arrears Auto Lease FB |
|  |  |  |  |  |  | 530.59 | In Full M. Berrios |
| 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 2610.01 | Gen. Unsecured Debts |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
|  |  |  |  |  |  | 0.00 | 0 |
| 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 157.50 | 9450.00 | Payment to Creditors |
| 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 10500.00 | (Plan PMTs) w/Trustee Fee |
|  |  |  |  |  |  |  | 0 |